# CHARLESTON.

DORA M. LEE v. THOMAS NICHOL et als.

(No. 5368.)

C. B. LEE v. THOMAS NICHOL et als

(No. 5367.)

Submitted February 25, 1925.    Decided March 10, 1925.

CORPORATIONS—*On Failure of Proof That Election of Directors was Completed, Directors Legally Serving Will Continue in Office.*

When it does not appear by satisfactory proof that an attempted election of directors of a corporation at its annual meeting was completed, the directors legally serving will continue in office until their successors are elected and qualify, the by-laws of the corporation providing that the directors shall be elected at the annual meeting to serve for one year and until their successors shall be elected and qualify.

(Corporations, 14a C. J. § 1835.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Proceeding by the State, on the relation of Dora M. Lee, for mandamus to be directed to Thomas Nichol and others, in which an alternative writ was awarded.

*Writ awarded.*

Proceeding by the State, on the relation of C. B. Lee, for mandamus to be directed to Thomas Nichol and others.

*Writ denied.*

*Poffenbarger, Blue & Dayton,* for relators.
*John H. Holt* and *R. T. Hubard,* for respondents.

LITZ, JUDGE:

The Lee Coal Company is a West Virginia corporation operating coal mines in Fayette county of this State. It has an authorized capital stock of $300,000, divided into 3000

shares of the par value of $100 each.  2030 shares, fully paid and non-assessable, have been issued and are held and owned by the stockholders, as follows:

> C. B. Lee, 500 shares;
>
> Mrs. Dora M. Lee, wife of C. B. Lee, 515 shares;
>
> Thomas Nichol, 500 shares;
>
> Daisy B. Nichol, wife of Thomas Nichol, 500 shares; and
>
> Thomas Nichol, Jr., son of Thomas and Daisy B. Nichol, 15 shares.

Thus the entire stock is, as it always has been, divided equally between the Lee and Nichol families.

The by-laws of the company provide for three directors, to be elected at the annual meeting on the first Monday in February, for a term of one year, and until their successors are elected and qualified.  From its organization, in 1916, until 1925, C. B. Lee, Dora M. Lee and Thomas Nichol have served as the duly elected directors of the corporation; but friction recently having developed between C. B. Lee and Thomas Nichol, in the annual meeting of 1925, attended only by these two stockholders, a contest arose as to whether Mrs. Lee or Mrs. Nichol should be elected to the directorship held by the former.  Nichol claims that the contest resulted in the election of his wife, Daisy B. Nichol.  Lee on the other hand asserts that Mrs. Lee was re-elected, but if not, that there was no election of another to take her place and she is therefore holding over.

To support their respective contentions, they naturally disagree upon some of the material details of the meeting.  Lee says that after it was called to order and he had been selected chairman and Nichol chosen secretary thereof, certain other matters being disposed of, Nichol moved the election of directors for the ensuing year; that thereupon he requested the re-election of the directors then serving; to which Nichol replied that he favored the election of his wife as director to succeed Mrs. Lee and insisted that a vote be taken for the election of the three directors, with Lee voting first; that he then suggested that there would be no use of taking a ballot as it would necessarily result in a tie vote between the two women

by reason of the fact that he and Nichol each owned and represented by proxy one-half of the outstanding stock; but that finally after much urging by Nichol, he voted, casting 1015 votes each for himself, his wife and Nichol; that Nichol followed, cumulating his votes and casting 1500 votes each for himself and his wife, and 45 for Lee; that immediately, while the meeting was still in progress and before the result of the vote had been declared, he changed his vote, casting 1522½ votes each for himself and his wife, Dora M. Lee .

Nichol, on the other hand, swears that Lee did not attempt to withdraw his first ballot until after the meeting had adjourned. There are other points of disagreement which need not be noted.

The purported minutes of the meeting prepared by Nichol while it was in progress, but which were never signed by Lee, recite:

"C. B. Lee cast for the election of three directors, for each 1015 votes for C. B. Lee, D. M. Lee and Thomas Nichol. Thomas Nichol cast for the election of three directors as follows: for Thomas Nichol 1500 votes; for D. B. Nichol 1500 votes; for C. B. Lee 45 votes. As a result of such election the following directors were declared elected for the ensuing year and until their successors are duly elected and qualified: C. B. Lee, Thomas Nichol, and D. B. Nichol."

The relator, Dora M. Lee, has obtained an alternative writ of mandamus upon her petition against Thomas Nichol, Daisy B. Nichol and Lee Coal Company, requiring the said Thomas Nichol to show cause why he should not expunge from the minute book of the corporation that portion of said minutes showing the election of Daisy B. Nichol as director of the corporation, and record therein the election of relator to said office; also recognize the relator in lieu of the said Daisy B. Nichol as a director of the company; and further requiring the said Daisy B. Nichol to show cause why she should not desist from exercising the powers and duties of the office.

Lee never signed the purported minutes, as already shown, and did not declare the result of the election or adjourn the

meeting, even according to Nichol's statement. The defense rests upon the claim, however, that Lee acquisced in Nichol's preparation of the minutes as written. If Lee was willing to acquiesce in the action of Nichol, why did he not, as chairman, declare the result of the election, sign the minutes and adjourn the meeting? The expressed intention of Lee to secure the reelection of Mrs. Lee is not denied, so that it was natural for him to recall his first ballot in order to cumulate votes in her favor after Nichol had attempted to elect his wife by this method of voting. These and other circumstances in evidence lead to the conclusion that the attempted election was never completed, at least in so far as it involved the selection of a successor to Mrs. Lee, and that if it had been the result would be a drawn battle between the contestants who possessed equal voting strength. It therefore follows that Mrs. Lee is a "hold-over" director, entitled to exercise the powers and duties of the office.

The validity of the proxy under which Lee voted the stock owned by his wife is now questioned. No point, however, was made at the meeting and the minutes as prepared by Nichol recognize its validity. The objection therefore comes too late.

The writ will issue in accordance with this decision.

*Writ awarded.*

*NOTE*: The writ awarded in this case affording the relief sought in the companion case of C. B. Lee v. Thomas Nichol, Daisy B. Nichol, Thomas Nichol, Jr., and Lee Coal Company, No. 5367, we deem it unnecessary to award a writ in the latter case, which seeks a correction of the minutes as prayed in the former case.

*Writ denied.*