### 26752. MACON GAS COMPANY *v.* CROCKETT.

362

DECIDED JULY 15, 1938.  ADHERED TO ON REHEARING, JULY 27, 1938.

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*Turpin & Lane,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) It is contended by the defendant, that the items sued for are not recoverable as breaches of the contract between it and the plaintiff; that under a proper construction of the contract the consumers of gas, by reason of the connections made on Forest Hill Avenue, Roycrest Drive, and Drury Avenue, to the pipes which tapped and

extended from the 1710-foot Crockett extension on Ridge Avenue, are not consumers "taken on" the Crockett extension on Ridge Avenue, and therefore that the defendant is not liable to the plaintiff under the contract; that consumers of gas "taken on" the Crockett extension on Ridge Avenue are only the consumers, such as those on Ridge Avenue, who are connected with the Crockett extension directly by service-pipes, and that consumers who are not directly connected to the Crockett extension, but who are connected by service-pipes only with pipes or mains extending from the Crockett extension, such as the consumers on streets other than Ridge Avenue, although the gas which they consume is served to them through the Crockett extension, are not consumers "taken on" by the Crockett extension. The plaintiff contends, that, under a proper construction of the contract, any consumer of gas, whether he receives it directly from the Crockett extension by service-pipes attached thereto, or indirectly therefrom by service-pipes attached to a main or extension tapping and running from the Crockett extension, and who therefore receives gas which is transmitted over the Crockett extension, is a consumer "taken on" the Crockett extension, and that under the terms of the contract the defendant is liable to the plaintiff in the sum of $75 for each one of such consumers "taken on" during the life of the contract. The contract provides that the gas company shall refund to Crockett $75 for "each and every consumer taken on said extension," meaning the gas pipe made and constructed by the gas company a distance of 1710 feet along Ridge Avenue, and extending to a point in the neighborhood of Crockett's house. This provision of the contract is as susceptible to the construction that the consumer referred to therein is a consumer on a street other than Ridge Avenue, and who is furnished gas through a service-pipe connected with a main pipe or extension running and extending from the Crockett extension along a street other than Ridge Avenue, as to the construction that a consumer "taken on" the Crockett extension is only a consumer, such as a consumer on Ridge Avenue, who is directly connected by a service-pipe with the Crockett extension on that street.

■ A written contract, where the meaning is doubtful, must be given that construction which is unfavorable to the party who prepares or writes the contract. Code, § 20-704 (5). The contract

here was written by the gas company. It will therefore be given that construction favorable to Crockett, namely that a consumer "taken on" the Crockett extension is any consumer whose gas comes to him through the Crockett extension, although he may not be directly connected with the Crockett extension, but is connected by a service-pipe with a pipe or main tapping and extending from or conveying gas to the consumer from the Crockett extension. Such consumers are those on Forest Hill Avenue, Roycrest Drive, and Drury Avenue. Giving the contract this construction, as we do, the plaintiff, since the evidence is uncontradicted, is entitled as a matter of law to recover the amount sued for, unless the cause of action as to any of the items sued for is barred by the statute of limitations. The gas company had taken Crockett's money, which amounted to $1812.60, under an agreement with him to refund a portion of it in the amount of $75 for each consumer taken on the Crockett extension. Whenever a consumer was taken on, the gas company immediately became liable to Crockett, and it was its duty to pay Crockett the amount contracted to be paid. The taking on of a consumer was always within the knowledge of the gas company, but not necessarily within the knowledge of Crockett. Crockett necessarily had to rely on the good faith of the gas company to make payment to him whenever a consumer was taken on his extension. There was therefore a relationship between the parties in its nature fiduciary, by which the gas company owed a duty to Crockett to pay him for every consumer taken on his extension, notwithstanding Crockett may not be aware of the fact that a consumer was taken on. If the gas company did not immediately pay Crockett, it certainly owed him a duty to inform him of the fact that a consumer had been taken on. The failure of the gas company to give Crockett this information, and thereby concealing from him, where he did not know it, his right to call on the company for reimbursement according to the terms of the contract for a consumer taken on, amounted to a fraud on Crockett. This was such fraud as would prevent the running of the statute of limitations against Crockett and in favor of the company. "A concealment of a right by one whose duty it is to disclose it prevents the running of the statute of limitations in favor of the party in default. It is a legal fraud." *Morris* v. *Johnstone,* 172 *Ga.* 598, 605 (158 S. E. 308), citing *Hoyle* v. *Jones,*

35 *Ga.* 40 (2), 44 (89 Am. D. 273). See *Reeves* v. *Williams,* 160 *Ga.* 15 (127 S. E. 193).

██ Under the contract as this court construes it, the gas company became liable to Crockett on account of the connections with the defendant's gas pipes or mains in the streets other than Ridge Avenue. As these pipes and mains and the connections were made underground, and the plaintiff, as it appears from the uncontradicted evidence, did not know of these extensions, and could not know thereof without being extraordinarily alert or vigilant, a failure of the defendant to inform the plaintiff of the taking on of these customers, by the laying of its pipes underground and thereby concealing such information from the plaintiff, committed a fraud upon the plaintiff, which could not have been discovered by the exercise of ordinary care, and which deterred him in his action on the contract until after he discovered the fraud, although he discovered it within the period of limitation within which suit should have been brought had the plaintiff's action not been barred by the defendant's fraud. The period of limitation runs only from the time of the discovery by the plaintiff of the fraud. Code, § 3-807. This, it appears from the uncontradicted evidence, was within six years next before the institution of the suit. Since the statute of limitations applicable to an action on a written contract which is not under seal, as is the case with the contract here, is six years (Code, § 3-705), it appears conclusively and as a matter of law that the plaintiff's right of action was not barred by the statute of limitations. The evidence demanded the verdict for the plaintiff. The court did not err in directing the verdict, and in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*